# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CIVIL NO. 1:08CV72-LG |
| § | CRIMINAL NO. 1:06CR81-LG-JMR |
| § | |
| TERRY RAY PRESTON § | |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

**BEFORE THE COURT** is the Motion to Vacate, Set Aside, or Correct Sentence [35] filed by the defendant, Terry Ray Preston, pursuant to 28 U.S.C. § 2255. Preston alleges that he pled guilty because the agents who arrested him threatened his family, and he claims ineffective assistance of counsel. The Government has responded to the Motion. Preston was granted additional time to file a reply in support of his Motion, but he chose not to do so. Upon reviewing the submissions of the parties and the applicable law, the Court finds that Preston's Motion should be denied.

## FACTS

On January 3, 2007, Preston pled guilty to possession of five grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He was sentenced to 292 months incarceration and five years supervised release. He was also ordered to forfeit his vehicle. Preston filed a Motion to Reduce his Sentence regarding Crack Cocaine Offense pursuant to 18 U.S.C. §3582, which was granted. His sentence was reduced to 235 months incarceration and five years supervised release.

Preston has also filed the present Motion, requesting that his sentence be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255. He alleges that his attorney provided

ineffective assistance by failing to properly investigate, failing to conduct adequate pretrial discovery, failing to file a timely motion to suppress evidence, failing to inform him of the sentence he would receive upon pleading guilty, and failing to file an appeal. In addition, he argues that his guilty plea was not voluntary because federal agents threatened his family at the time of his arrest, on August 10, 2006.

## DISCUSSION

A defendant may, as part of a valid plea agreement, waive his statutory right to appeal his conviction on direct appeal and under 28 U.S.C. § 2255, if the waiver is knowing and voluntary. *United States v. Melancon,* 972 F.2d 566, 567 (5th Cir. 1992). The plea agreement will be upheld where the record clearly shows the defendant read and understood it and that he raised no question regarding any waiver-of-appeal issue. *United States v. Portillo,* 18 F.3d 290, 292 (5th Cir. 1994).

At his plea hearing, Preston confirmed that he had read the plea agreement and had gone over it with his attorney. (Ct. R. 31, p. 6). He also stated that he understood all of the terms and conditions of the plea agreement. (*Id.*) He agreed that no one had threatened him or forced him to plead guilty and acknowledged that he was waiving his right to appeal his conviction and sentence as well as his right to contest his sentence in a post-conviction proceeding. (*Id.* at 6-8). The plea agreement signed by Preston provides:

> **16. Waivers.** Defendant, knowing and understanding all of the matters aforesaid, including the maximum possible penalty that could be imposed, and being advised of his rights to remain silent, to trial by jury, to subpoena witnesses on his own behalf, to confront the witnesses against him, and to appeal the conviction and sentence, in exchange for the recommendations and concessions made by the U.S. Attorney's Office in this plea agreement hereby expressly waives the above rights and the following:

> a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
> b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255, and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case . . . .

(Ct. R. 21, pp. 8-9).

Even if Preston had not waived his right to file a § 2255 motion, the Court has reviewed the grounds for relief presented and concludes that Preston would not be entitled to relief. There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) The sentence was imposed in violation of the constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see United States v. Cates,* 952 F.2d 149, 151 (5th Cir. 1992). "[O]n collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *United States v. Samuels,* 59 F.3d 526, 528 (5th Cir. 1995) (*United States v. Shaid,* 937 F.2d 228, 232 (5th Cir. 1991)). Therefore, relief under § 2255 is reserved for violations of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir. 1992).

**A. Ineffective Assistance of Counsel**

A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant. *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983). "This includes all claims of

ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Estelle,* 711 F.2d at 682 (internal citations omitted). A criminal defendant claiming ineffective assistance of counsel must show (1) that counsel's representation "fell below an objective standard of reasonableness," and (2) that counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984). When considering whether counsel provided ineffective assistance, the Court must presume that "counsel's conduct f[ell] within the wide range of reasonable professional assistance." *Stirckland*,466 U.S. at 689.

Preston alleges that his attorney provided ineffective assistance by failing to properly investigate the charges against him, failing to conduct adequate pretrial discovery, failing to file a timely motion to suppress evidence, failing to inform him of the sentence he would receive upon pleading guilty, and failing to file an appeal. Preston's attorney, Melvin Cooper, testified by affidavit that he thoroughly investigated the prosecution's evidence and advised Preston of his findings. (Ex. A to Gov't's Resp.) Cooper also stated that he met with Preston prior to the plea hearing and advised him of the statutory minimum and maximum sentences as to the counts set forth in the indictment. (*Id.*) He also asserted that Preston never asked him to appeal the sentence. (*Id.*)

At his plea hearing, Preston stated that he had had the opportunity to review the indictment with Cooper, and that Cooper had discussed possible defenses with him. (Ct. R. 31, p. 5). He agreed that Cooper had discussed possible witnesses that he could call to defend himself in the case and had shared with him the evidence that the Government intended to use in prosecution of the case. (*Id.*) In addition, he admitted that he was fully satisfied with Cooper

and the representation and advice that Cooper had given him. (*Id.*)  Furthermore, the possible sentence that Preston could receive was contained in the plea agreement signed by Preston.  (Ct. R. 21, p.2).

Preston has not demonstrated that his attorney provided ineffective assistance.  The record demonstrates that Cooper performed an adequate investigation of the charges against Preston and advised him of the potential sentence that could be imposed.  Furthermore, Cooper has testified that Preston never asked him to file an appeal, and Preston knowingly and voluntarily waived his right to appeal.

**B.  Alleged Threats Made by the Arresting Agents**

Preston also argues that his guilty plea was not knowing and voluntary because the agents who arrested him threatened to arrest his mother.  However, the guilty plea was entered almost five months after the threats were allegedly made.  Additionally, as explained previously, Preston admitted that he had not been threatened or forced to plead guilty at his plea hearing.  As a result, the Court finds that the plea was knowing and voluntary.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Vacate, Set Aside, or Correct Sentence [35] filed by the defendant, Terry Ray Preston, pursuant to 28 U.S.C. § 2255, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 28th day of July, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE